**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert A. Garcia, | CV 11-2260-PHX-JAT |
| Plaintiff(s), | |
| v. | **ORDER** |
| Glendale Police Department, et al., | |
| Defendant(s). | |

Pending before the Court are various motions, which the Court will address below. Currently, this case is set for a Final Pretrial Conference on February 19, 2014. Defendant Solomon has moved to reopen discovery and for an extension of time to file dispositive motions (these deadlines ran on March 4, 2013 and May 3, 2013 respectively). Defendant's basis for this motion is his inability to communicate with Plaintiff.

However, a close reading of Defendant's motion reveals that Defendant appears to have done nothing in this case from when he answered (June 28, 2012) to when this Court set a final pretrial conference (May 22, 2013). Instead, Defendant recounts that Plaintiff was uncooperative (at best) in Defendant's efforts to comply with the May 22, 2013 Order. In other words, Defendant does not suggest that he made any effort to take discovery during the time discovery was open. Further, Defendant filed no motions to compel discovery, or even for leave to take a deposition of an incarcerated person. As the record reveals, the Court has granted the parties a significant extension of the deadlines in the May 22, 2013 Order to address Plaintiff's failure to participate in complying with that Order. However, nothing in

1  Defendant's motion (Doc. 74) or his prior motion (Doc. 59) meets the test for amending a
2  Rule 16 scheduling order.[1]  Specifically, the Court finds Defendant has not shown that he
3  was acting diligently in this case at any point prior to May 22, 2013.  Accordingly, the
4  motion will be denied.

5      Plaintiff has filed two motions which the Court has reviewed.  The Court finds that
6  neither of the motions warrant any relief and they will be denied.  The Court further notes
7  that Plaintiff has filed an appeal.  Such appeal is not jurisdiction divesting because it is not
8  a proper appeal under the rules.  *Hoffman for and on Behalf of N.L.R.B. v. Beer Drivers &*
9  *Salesmen's Local 888*, 536 F.2d 1268, 1272-73 (9th Cir. 1976) ("...an appeal from a
10 nonappealable order does not deprive a district court of jurisdiction.").

11     Thus, the parties are again ordered to proceed with preparing the Final Pretrial Order
12 consistent with this Court's order at Doc. 69.  Further, Plaintiff is again cautioned, as he was

---

[1] Although Defendant acknowledges that "good cause" is the showing he must make to receive an extension, Defendant cites no law on what good cause requires.  To carry his burden of showing good cause to amend a scheduling order, Defendant must show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.*

in the Order of September 27, 2013, that he must comply with this Court's orders. Plaintiff's attempts to circumvent participation in preparation of the final pretrial order by filing other motions or an appeal will NOT be a basis for this Court to further continue its pretrial deadlines. Accordingly, Plaintiff is cautioned that if defense counsel files a motion to dismiss for failure to comply with a court order and/or failure to prosecute, with an accompanying affidavit indicating that Plaintiff will not meet and confer, or will not participate in the preparation of the joint final pretrial order, THE COURT WILL DISMISS THIS CASE WITHOUT FURTHER WARNINGS OR EXTENSIONS FOR PLAINTIFF. *See* Fed. R. Civ. Pro. 41(b); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) (In determining whether to dismiss an action for lack of prosecution and/or failure to comply with a court order, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.").

Based on the foregoing,

**IT IS ORDERED** that Defendant's motion for extension of time (Doc. 74) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 71 and 72) are denied.

DATED this 18th day of October, 2013.

James A. Teilborg
Senior United States District Judge

- 3 -