**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Garcia, | CV 11-2260-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Glendale Police Department et, al., | |
| Defendants. | |

Pending before this Court are Robert A. Garcia's (the "Plaintiff's") (1) Motion to Disqualify Counsel (Doc. 80), (2) Motion for Public Interest Awareness (Doc. 81), (3) Motion to Transfer Venue (Doc. 82), (4) Motion to Correct Clerical Errors (Doc. 83), (5) Motion to File Criminal Charges; and (6) Motion to File Second Amended Complaint. Robert Solomon (the "Defendant") filed a Motion to Strike Plaintiff's Motion to Disqualify Counsel (Doc. 85) and a Motion to Strike (Doc. 84) Plaintiff's Motion for Public Interest Awareness.

First, after Defendant's attorney filed a Notice of Association on October 18, 2013, Plaintiff moved to disqualify counsel. (Docs. 76, 80). Plaintiff does not cite any law or state any facts supporting grounds for relief. Defendant's counsel complied with the Local Rule 83.3 to associate, and as a result, there is no reason to disqualify counsel. *See* LRCiv 83.3. Plaintiff's Motion to Transfer Venue seems to allege that the Judge is in some way conflicted because certain defendants were dismissed from the case. (Doc. 82 at 2–3). However, the allegations are unfounded based on the legitimate legal reasons for

1 dismissing certain claims and defendants. (Doc. 17). Finally, Plaintiff's Motion to
2 Amend is denied because it is untimely and would prejudice Defendant at this late stage
3 of the case. *See Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir.
4 1991). Moreover, procedurally it fails to comply with LRCiv. 15.1, and is alternatively
5 denied for this reason.

6 Plaintiff's remaining Motions are void of legal bases to explain or justify
7 Plaintiff's claimed entitlement to relief. Thus, Plaintiff's Motions do not warrant relief,
8 and the Motions are denied. Based on these denials, the Defendant's Motions to Strike
9 (Docs. 84, 85) are moot.

10 The parties are admonished to continue preparing a joint Proposed Final Pretrial
11 Order consistent with this Court's order at Doc. 69. The Court again reminds Plaintiff of
12 the warning to comply with the Court's Order:

> Plaintiff is cautioned that if defense counsel files a motion to dismiss for failure to comply with a court order and/or failure to prosecute, with an accompanying affidavit indicating that Plaintiff will not meet and confer, or will not participate in the preparation of the joint final pretrial order, THE COURT WILL DISMISS THIS CASE WITHOUT FURTHER WARNINGS OR EXTENSIONS.

19 (Doc. 77 at 3).
20 Based on the foregoing,
21 **IT IS ORDERED** that Plaintiff's Motion to Disqualify Counsel (Doc. 80) is
22 denied.
23 **IT IS FURTHER ORDERED** that Plaintiff's Motion for Public Interest
24 Awareness (Doc. 81) is denied.
25 **IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer Venue (Doc.
26 82) is denied.
27 **IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Clerical Errors
28 (Doc. 83) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Criminal Charges (Doc. 90) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File 2nd Amended Complaint (Doc. 91) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Motion to Disqualify Counsel (Doc. 85) is denied as moot.

**IT IS FINALLY ORDERED** that Defendant's Motion to Strike (Doc. 84) Plaintiff's Motion for Public Interest Awareness is denied as moot.

Dated this 25th day of November, 2013.

_____
James A. Teilborg
Senior United States District Judge