**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Garcia, | No. CV 11-02260-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Glendale Police Department, et al., | |
| Defendants. | |

    Pending before the Court is sole remaining Defendant Robert Solomon's Motion to Dismiss *pro se* Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1] (Doc. 119). Defendant alleges that, in contravention of the Court's previous Order (Doc. 69), Plaintiff has again[2] refused to confer or communicate with Defendant's counsel to craft and file various joint pretrial materials. (Doc. 119 at 2–3; *see* Plaintiff's January 10, 2010 "Notice of Incommunicada" [sic], Doc. 104 (proclaiming that Plaintiff—who is incarcerated—will no longer send, sign for, or accept mail)).

    The Court has previously warned Plaintiff that his failure to follow the Court's Orders and participate in his case is grounds for dismissal. (Doc. 17 at 10 ("If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice."); Doc. 65 at 2 ("Plaintiff has

---

[1] Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F.R. Civ. P. 41(b).

[2] (*See* Doc. 65; Doc. 119 at 2).

disregarded the Court's order warning him of the consequences of failing to timely respond. The Court will give Plaintiff *one further opportunity* to proceed to trial including complying with all requirements of this Court. In particular, Plaintiff *must comply with* a new final pretrial order setting the Final Pretrial Conference that will follow.") (emphasis added)). Consequently, the Court is inclined to grant Defendant's Motion.

However, Dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983). Consequently, the Court will permit Plaintiff an opportunity to respond to Defendant's motion. Plaintiff is cautioned that if he fails to timely respond pursuant to this Order, the Court may dismiss this action without further notice.

//
//
//
//
//
//
//
//
//
//
//
//

Accordingly,

**IT IS ORDERED** that the Final Pretrial Conference, set for February 19, 2014 at 4:00pm, is vacated to permit Plaintiff time to respond to Defendant's motion to dismiss for failure to prosecute (Doc. 119).

**IT IS FURTHER ORDERED** that Plaintiff shall respond to the motion to dismiss (Doc. 119) on or before February 28, 2014.

**IT IS FINALLY ORDERED** that if Plaintiff fails to timely respond to the motion to dismiss (Doc. 119), the Court will deem Plaintiff's failure to respond to be Plaintiff's consent to the motion being granted under Local Rule Civil 7.2(i).

Dated this 10th day of February, 2014.

James A. Teilborg
Senior United States District Judge