**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Garcia, | No. CV 11-02260-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Glendale Police Department, et al., | |
| Defendants. | |

Pending before the Court is sole remaining Defendant Robert Solomon's Motion to Dismiss *pro se* Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]  (Doc. 119).  Defendant alleges that, in contravention of the Court's previous Order (Doc. 69), Plaintiff has again[2] refused to confer or communicate with Defendant's counsel to craft and file various joint pretrial materials.  (Doc. 119 at 2–3; *see* Plaintiff's January 10, 2010 "Notice of Incommunicada" [sic], Doc. 104 (proclaiming that Plaintiff—who is incarcerated—will no longer send, sign for, or accept mail)).

On February 10, 2014, the Court ordered Plaintiff to respond to Defendant's motion and explained that

> The Court has previously warned Plaintiff that his failure to follow the Court's Orders and participate in his case is grounds for dismissal. (Doc. 17 at 10 ("If Plaintiff fails to timely comply with every provision of

---

[1] Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

[2] (*See* Doc. 65; Doc. 119 at 2).

> this Order, including these warnings, the Court may dismiss this action without further notice."); Doc. 65 at 2 ("Plaintiff has disregarded the Court's order warning him of the consequences of failing to timely respond. The Court will give Plaintiff *one further opportunity* to proceed to trial including complying with all requirements of this Court. In particular, Plaintiff *must comply with* a new final pretrial order setting the Final Pretrial Conference that will follow.") (emphasis added)). Consequently, the Court is inclined to grant Defendant's Motion.
>
> However, Dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Consequently, the Court will permit Plaintiff an opportunity to respond to Defendant's motion. Plaintiff is cautioned that if he fails to timely respond pursuant to this Order, the Court may dismiss this action without further notice.

(Doc. 128). On February 19, 2014, Plaintiff filed a timely Response (Doc. 133) and Defendant has filed a Reply (Doc. 136).

In Response,[3] Plaintiff fails to address the *Henderson* factors for dismissal for failure to prosecute. (Doc. 133 at 2–10). Instead, Plaintiff argues that dismissing his case for failure to prosecute is unfair because his continued attempts to mail correspondence to Defendant are denied by prison officials. (*Id.* at 4, 6–7). However, Plaintiff admits that prison officials are only denying his outgoing mail privileges in response to Plaintiff's refusal to sign for incoming and outgoing mail. (*Id.* at 4, 7). Indeed, Plaintiff spends the

---

[3] Plaintiff's 277-page Response contains 9 pages of argument (Doc. 133 at 2–10) and 267 pages constituting 6 exhibits that purportedly support Plaintiff's arguments (*id.* at 11–20; Docs. 133-1 to -7). However, 231 of these 267 pages constitute "Exhibit One" and appear to be copies of Plaintiff's irrelevant internal Arizona Department of Corrections ("ADOC") grievance reports filed by Plaintiff during the preceding year and ADOC's responses to same. (*See* Ex. 1, Doc. 133 at 11 through Doc. 133-6 at 34). The remaining 36 pages include (1) the first page of the Court's first Order Setting a Final Pretrial conference (Doc. 69) (Ex. 2, Doc. 133-6 at 36); (2) a February 12, 2014 ADOC denial of additional legal supplies to Plaintiff (Ex. 3, Doc. 133-6 at 38); (3) three pages from old pleadings that Plaintiff claims demonstrate that the City of Glendale remains a party in this case (Ex. 4, Doc. 133-6 at 40–42) (the City of Glendale was dismissed as a party on April 9, 2012 (*see* Doc. 12)); (4) a copy of Plaintiff's previous Motion for Judgment Against Defendant for Not Conferring and Bad Faith (Doc. 120) (Ex. 5, Doc. 133-6 at 44–45 to Doc. 133-7 at 1); and (5) four pages purporting to list the various other court proceedings Plaintiff has been involved in during 2011 and 2012 (Ex. 6, 133-7 at 3–7).

majority of his Response repeatedly affirming his continued intent to remain "incommunicada [sic]" (*see* Doc. 104) by refusing mail deliveries on the grounds that prison officials "tamper" with his mail by opening it and requiring that he sign for incoming and outgoing mail. (Doc. 133 at 2–7). Consequently, Plaintiff's proffered explanation for his failure to litigate this case is not a proper or valid response.

A plaintiff's improper or invalid response to a motion to dismiss can be grounds for granting the motion to dismiss. *See, e.g., Camper v. Potter*, No. CV-07-2251-PHX-GMS, 2009 WL 2714023, at *6 (D. Ariz. Aug. 27, 2009) (deeming a plaintiff's submission of hundreds of pages of irrelevant material and failure to address the merits of the defendant's argument "as a consent to the granting of the motion" to dismiss). Nonetheless, because dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances," *Henderson*, 779 F.2d at 1423, the Court will consider the merits of each of the five *Henderson* factors, in turn.

First, "the public's interest in expeditious resolution of litigation," *id.*, favors dismissal. Plaintiff filed the Complaint on November 15, 2011 (Doc. 1) and, but for Plaintiff's refusals to communicate with Defendant, the trial would have occurred several months ago (*see* Doc. 61 (vacating an October 2, 2013 Final Pretrial Conference)). Moreover, Plaintiff's current refusal to communicate with Defendant has needlessly extended the length of the proceedings far beyond a contemplated March 2014 trial date. (*See* Doc. 128 (vacating a February 19, 2014 Final Pretrial Conference)).

Second, "the court's need to manage its docket," *Henderson*, 779 F.2d at 1423, favors dismissal. Plaintiff's failure to prosecute has required the Court to expend significant judicial resources examining voluminous and largely irrelevant filings unrelated to Plaintiff's core complaint and cause of action. (*See, e.g.*, Docs. 59, 64, 119, 133, 136).

Third, "the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423, favors dismissal. Plaintiff's failure to prosecute has already forced Defendant to needlessly prepare for trial *twice* and incur several months of otherwise unnecessary legal

fees.  Allowing Plaintiff a *third* attempt to proceed to trial would harm Defendant by further prolonging this litigation and increasing Defendant's legal fees and costs.

Fourth, "the public policy favoring disposition of cases on their merits," *id.*, neither favors nor disfavors dismissal.  If the Court were to dismiss Plaintiff's claims with prejudice, then public policy would be offended because Plaintiff would be precluded from prosecuting his claims at a later date if he so desired.  If the Court were to dismiss Plaintiff's claims without prejudice, however, then the adjudication would not be on the merits and public policy would not disfavor dismissal.

Fifth, "the availability of less drastic sanctions," *id.*, favors dismissal.  Here, Plaintiff has been repeatedly warned that he must comply with all Court Orders, including the Court's Order that he communicate with Defendant in order to prosecute his case. (Doc. 17 at 10; Doc. 65 at 2; *see* Docs. 52, 69 (setting Final Pretrial Conferences)). Further, Plaintiff has been explicitly warned that failing to prosecute his case could result in dismissal.  (Doc. 17 at 10; Doc. 65 at 2).  Nonetheless, by refusing to communicate with Defendant, Plaintiff has again compelled the Court to vacate a Final Pretrial Conference.  (Doc. 128).  The Court finds that a less drastic sanction, such as an additional warning, is unlikely to have any effect on Plaintiff.

In sum, *Henderson* factors one, two, three, and five favor dismissal and factor four does not disfavor dismissal without prejudice.  Thus, in the aggregate, the *Henderson* factors militate in favor of a dismissal without prejudice for failure to prosecute.

//
//
//
//
//
//
//
//
//

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 119) is GRANTED. This case is dismissed without prejudice; Plaintiff shall take nothing. The Clerk of the Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that all relief sought by Plaintiff in his Response (Doc. 133) is DENIED without prejudice to Plaintiff seeking his requested relief in the appropriate forum.

**IT IS FINALLY ORDERED** that all remaining motions (Docs. 60, 94, 95, 98, 110, 116, 120, 123, 124, 125, 129, 130, 131, 132, 134, 137) are DENIED as moot.

Dated this 10th day of March, 2014.

James A. Teilborg
Senior United States District Judge