**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Garcia, | No. CV 11-02260-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Glendale Police Department, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Robert A. Garcia's Response (Doc. 142) to Defendant's previous Motion to Dismiss (Doc. 119), styled as a "Motion for Rehearing."[1] On March 10, 2014, the Court issued an Order (Doc. 138) granting Defendant's Motion to Dismiss and dismissing Plaintiff's case without prejudice. Judgment was entered that same day. (Doc. 139). Accordingly, the Court construes Plaintiff's March 24, 2014 "Motion for Rehearing" as a Motion to Reconsider the Court's previous order under Federal Rules of Civil Procedure 59(e) and/or 60(b).[2]

Generally, motions for reconsideration are appropriate only if: (1) the movant presents newly discovered evidence; (2) the Court committed clear error or the initial decision was manifestly unjust; or (3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah Cnty., Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263

---

[1] The Court notes that, on March 20, 2014, Plaintiff filed a Motion to Amend the Joint Pretrial Final Proposed Order (Doc. 141). Because the Court dismissed Plaintiff's case without prejudice ten days prior (Doc. 138), Plaintiff's Motion to Amend is moot.

[2] Fed. R. Civ. P. 59(e) or 60(b) apply to reconsideration of "final judgments and appealable interlocutory orders." *Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 466–67 (9th Cir. 1989).

(9th Cir. 1993). A party should not file a motion to reconsider to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). The Court ordinarily will deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Additionally, any motion to reconsider pursuant to Rule 59(e) must "be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).

Here, Plaintiff timely filed his Motion for Reconsideration on March 24, 2014. Plaintiff does not contend that there is newly discovered previously unavailable evidence or that there has been an intervening change in controlling law. Rather, he disagrees with several of the Court's legal conclusions.

The arguments in the Motion to Reconsider are nothing more than a re-argument of the facts previously presented to the Court in the opposition to the Motion to Dismiss. (*Compare* Doc. 142, *with* Doc. 133). Indeed, Plaintiff again restates his position that he is not unwilling to accept mail, but rather only unwilling to sign for its receipt or to send outgoing mail. (Doc. 142 at 1–2). Nonetheless, Plaintiff again admits (*id.*) that the practical implication of his refusal to follow the Arizona Department of Corrections ("ADC") mail protocol is that the ADC refuses to release mail to Plaintiff or send Plaintiff's outgoing mail without Plaintiff's signature acknowledging the action. As the Court explained in its previous Order, Plaintiff's repeated refusals to accept mail and prosecute his case, despite the Court's repeated warnings, warrant dismissal without prejudice. (Doc. 138 at 4).

Plaintiff must show more than a disagreement with the Court's decision; the Court should not grant a motion for reconsideration unless there is need to correct a clear error of law or prevent manifest injustice. *See Motorola, Inc*, 215 F.R.D. at 586. Such is not the

1   case here. Plaintiff has failed to present the Court with cause to reconsider its March 10,
2   2014 Order granting Defendant's Motion to Dismiss for Lack of Prosecution. For the
3   reasons set forth above, Plaintiff's Motion for Reconsideration is denied.
4       Accordingly,
5       **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 142) is
6   DENIED.
7       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Joint Pretrial
8   Final Proposed Order (Doc. 141) is DENIED as moot.
9       Dated this 25th day of March, 2014.

James A. Teilborg
Senior United States District Judge