**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Garcia,<br><br>          Plaintiff,<br><br>v.<br><br>Glendale Police Department, et al.,<br><br>          Defendants. | No. CV 11-02260-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Robert A. Garcia's Motion for Reassignment of his Case (Doc. 144) under LRCiv 42.1.[1] Also pending are Plaintiff's three successive Motions for Reconsideration styled as a "Motion for Reconsideration" (Doc. 145), "Motion for New Trial" (Doc. 146), and "Motion of Reconsideration / Objection to Judgment" (Doc. 149). The Court construes these three motions as Motions to Reconsider the Court's previous order under Federal Rules of Civil Procedure 59(e) and/or 60(b).[2]

**I.   Procedural History**

On March 10, 2014, the Court issued an Order (Doc. 138) granting Defendant's Motion to Dismiss for failure to prosecute and dismissing Plaintiff's case without prejudice. Judgment was entered that same day. (Doc. 139). Plaintiff immediately filed a Motion to Reconsider (Doc. 142) and, on March 25, 2014, the Court denied Plaintiff's Motion (Doc. 143). Nonetheless, on March 26 and 27, 2014, Plaintiff timely filed three

---

[1] Plaintiff's Motion mistakenly refers to LRCiv 41.2, which does not exist.
[2] Fed. R. Civ. P. 59(e) or 60(b) apply to reconsideration of "final judgments and appealable interlocutory orders." *Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 466–67 (9th Cir. 1989).

successive Motions to Reconsider (Docs. 145, 146, 149).

Additionally, on March 26, 2014, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (Doc. 147). Such action would normally be jurisdictional divesting, however, on March 28, 2014, the Ninth Circuit issued an Order holding its proceedings in abeyance pending this Court's resolution of Plaintiff's outstanding motions. (Doc. 150). Jurisdiction so returned, this Court now rules on Plaintiff's four pending motions (Docs. 144, 145, 146, 149).

## II.     Motion for Reassignment (Doc. 144)

Plaintiff has moved for a Reassignment of his case to another district judge under LRCiv 42.1. However, Plaintiff's case has been closed by the Clerk's Judgment dismissing the case on March 10, 2014. (Doc. 139; *see* March 10, 2014 Order of the Court Dismissing the Case, Doc. 138). Furthermore, Plaintiff has unsuccessfully moved to reopen his case through the vehicle of multiple motions for reconsideration. (Doc. 143; *supra* III). Therefore, Plaintiff's current Motion for Reassignment (Doc. 144) is moot and, accordingly, the Court denies Plaintiff's Motion (Doc. 144).

## III.    Motions for Reconsideration (Docs. 145, 146, and 149)

Generally, motions for reconsideration are appropriate only if: (1) the movant presents newly discovered evidence; (2) the Court committed clear error or the initial decision was manifestly unjust; or (3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah Cnty., Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party should not file a motion to reconsider to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). The Court ordinarily will deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Additionally, any motion to reconsider pursuant

to Rule 59(e) must "be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).

Here, Plaintiff timely filed his Motions for Reconsideration on March 26 and 27, 2014. Plaintiff does not contend that there is newly discovered previously unavailable evidence or that there has been an intervening change in controlling law. Rather, he disagrees with several of the Court's legal conclusions.

The arguments in Plaintiff's Motions are nothing more than re-arguments of the facts previously presented to the Court in the opposition to the Motion to Dismiss and Plaintiff's previous Motion for Reconsideration.  (*Compare* Docs. 145, 146, 149, *with* Docs. 133, 142 (where Plaintiff presents his position not as an unwillingness to accept mail, but rather only an unwillingness to sign for its receipt or to send outgoing mail, as required by standard Arizona Department of Corrections security protocol)).

To the extent that Plaintiff's Motions to Reconsider (Docs. 145, 146, 149) are not successive and present newly discovered previously unavailable evidence, the Court has considered Plaintiff's proffered evidence and finds that it does not materially affect the Court's reasoning in its previous Order (Doc. 138). Plaintiff has failed to present the Court with cause to reconsider its March 10, 2014 Order granting Defendant's Motion to Dismiss for Lack of Prosecution. Accordingly, Plaintiff's Motions for Reconsideration (Docs. 145, 146, 149) are denied.

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff Robert A. Garcia's Motion for Reassignment of his Case (Doc. 144) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Reconsideration (Docs. 145, 146, 149) are DENIED.

Dated this 23rd day of May, 2014.

James A. Teilborg
Senior United States District Judge